PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.  1:19CR124-1 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ANGEL RIOS, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 240, 245] |

Pending before the Court is Defendant Angel Rios' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).  ECF No. 240.  CJA appointed counsel for Defendant filed a Supplement to Defendant's Motion.  ECF No. 245.  The Government filed a response in opposition to the Motion for Sentence Reduction.  ECF No. 248.  Having reviewed the written submissions and applicable law, the Court denies Defendant's Motion and his counsel's Supplement without prejudice.

### I. Background

On September 17, 2019, Defendant Angel Rios pleaded guilty to Counts 1 and 3 of the Superseding Indictment.[1]  Count 1 charged him with drug conspiracies in violation of 21 U.S.C §§ 846, 841(A)(1), (b)(1)(B).  Count 3 charged him with possession with the intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).  He was sentenced to

---

[1] Counts 2, 4, 8, 9-18 and 22-25 of the Superseding Indictment were dismissed on the Government's motion.

(1:19CR124-1)

serve 85 months of incarceration followed by a 4-year term of supervised release.  Defendant

Rios is currently 40 years old and is serving his sentence at FCI Tallahassee.[2]

        Defendant's Motion requests that the Court grant his compassionate release on the

grounds that his hypertension, anger, and bipolar disorder and the associated COVID-19 risks

presents an extraordinary and compelling reason for his release.  His CJA appointed counsel

adds that not only has Defendant never been designated by the BOP as a danger to any other

person in the community, but Defendant also has a proposed release plan and has made

meaningful progress towards rehabilitation.  Although the Government concedes that Rios

suffers from hypertension, which may make him vulnerable to becoming seriously ill should he

contract the COVID-19 virus, the Government also provides that Defendant is fully vaccinated,

which greatly reduces the possibility of severely adverse effects from COVID-19.  Additionally,

the Government argues that the § 3553(a) factors strongly counsel against his release.

## II. Analysis

        "Title 18 U.S.C. § 3582(c)(1)(A) allows courts, when 'warrant[ed]' by 'extraordinary and

compelling reasons[,]' to reduce an incarcerated person's sentence."  *United States v. McCall*, 20

F.4th 1108, 1111 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1104 (6th Cir.

2020).  "This is known as 'compassionate release,' and although it has existed since 1984, courts

---

    [2] Defendant's anticipated release date is March 23, 2025.  *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Apr. 7, 2023).  FCI Tallahassee is a low security federal correctional institution with a detention center that currently houses 844 total inmates.  *See FCI Tallahassee*, https://www.bop.gov/locations/institutions/tal/ (last visited Apr. 7, 2023).  As of April 7, 2023, 1 inmate and no staff members have confirmed active cases of COVID-19 at FCI Tallahassee.  2 inmates and no staff members have died, and 336 inmates and 62 staff members at FCI Tallahassee have recovered from COVID-19.  *See COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Apr. 7, 2023).  Currently, 1,217 inmates and 100 staff members at FCI Tallahassee have been vaccinated for COVID-19.  *Id.*

(1:19CR124-1)

'rarely considered' motions until 2018 because [before then] 'a court [could] grant relief *only*' "
on a motion by the Federal Bureau of Prisons ("BOP").  *Id*. (quoting *United States v. Ruffin*, 978
F.3d 1000, 1003 (6th Cir. 2020)).  "In 2018, the First Step Act revised § 3582, allowing
incarcerated persons to file motions for compassionate release in federal court without BOP
approval after either exhausting the BOP's administrative process, or waiting at least thirty days
for a response from their warden.  *Id*. (citing *Jones*, 980 F.3d at 1105).  "This procedural change,
paired with COVID-19's devastating surge through our nation's prisons, has caused a sharp
increase in both filings and grants of compassionate-release motions."  *Id*. (citing *Jones*, 980
F.3d at 1105).

        Typically, "[a] court may grant compassionate release when it finds three requirements
are satisfied."  *Id*.  "First, the court must 'find[ ]' that 'extraordinary and compelling reasons
warrant' a sentence reduction."  *Id*. (citing *Jones*, 980 F.3d at 1107–08).  "Second, the court must
'find[ ]' that 'such a reduction is consistent with *applicable* policy statements issued by the
Sentencing Commission.'"[3]  *Id*. (citing *Jones*, 980 F.3d at 1108).  Currently, § 1B.13 of the
United States Sentencing Guideline ("USSG") "is not an 'applicable' policy statement in cases
which incarcerated persons file their own motions in district court for compassionate release," so
district courts "may skip step two of the § 3582(c)(1)(A) inquiry."  *United States v. Pegram*, 843
F. App'x 762, 764 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1101, 1111).  "Third, the court must
'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction

---

       [3] At this writing, the United States Sentencing Commission is fully staffed, after a
long hiatus, and is currently considering modifications to outdated § 1B1.13.  *See U.S.
Sentencing Commission to Implement First Step Act With Focus on Compassionate
Release*,  https://www.ussc.gov/about/news/press-releases/october-28-2022  (last  visited
Mar. 30, 2023); *cf. Jones*, 980 F.3d at 1109 (explaining that "the Commission has not
updated § 1B1.13 since the First Step Act's passage in December 2018").

(1:19CR124-1)

authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *McCall*, 20 F.4th at 1111 (citing *Jones*, 980 F.3d at 1108). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Owens*, 996 F.3d 755, 759 (6th Cir. 2021) (quoting *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)).

### A.  Exhaustion

A criminal defendant is permitted to file a motion for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).  On July 22, 2022, Defendant submitted a request for compassionate release to the warden.  On August 25, 2022, the warden denied Defendant's request for compassionate release.  Defendant waited until September 20, 2022 to file his Motion for Sentence Reduction with the Court, thereby exhausting his administrative rights in this case.

### B.  Extraordinary and Compelling Reasons

The Court has full discretion  "to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones*, 980 F.3d at 1109.  § 1B1.13 of the United States Sentencing Guidelines contemplates serious medical conditions and other reasons in its definition of "extraordinary and compelling reason."  Defendant argues that his hypertension, anger, and bipolar disorder along with the associated increased risk of severe COVID-19 complications is an extraordinary and compelling reason that warrants his compassionate release.

4

(1:19CR124-1)

      Although an increased risk of COVID-19 is a portion of the extraordinary and compelling reasons analysis, the presence of a medical diagnosis that leads to an increased risk of severe illness does not automatically constitute an extraordinary and compelling reason for compassionate release. When determining whether extraordinary and compelling reasons for early release exist, the Court may look to guidance from the CDC.  *See Elias*, 984 F.3d at 521. The current CDC guidance notes that someone who suffers from hypertension can become very ill if they were to contract COVID-19.[4]  *See COVID-19, People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 7, 2023).  Even so, "medically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at \*3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at \*2 (E.D. Mich. May 7, 2020)).

      The Court finds that Defendant is unable to establish extraordinary and compelling reasons because his access to the COVID-19 vaccine and his vaccination status make the contraction of COVID-19 less likely, and less dangerous, if contracted.  Under the guidance given by *Traylor* and *Lemons*, a defendant's vaccination status seriously abates any compelling reason for release related to COVID-19.  *See United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).  Defendant has received two doses of the Pfizer COVID-19 vaccine and a Moderna booster vaccination, diminishing any extraordinary or compelling reason for release.  ECF No. 248 at PageID #: 1622; *see, e.g.*, *United States v. Fowler*,

---

    [4] Anger and bipolar disorder are not listed on the CDC website as conditions that could increase the risk of severe COVID-19 complications.

5

(1:19CR124-1)

No. 21-5769, 2022 WL 35591, at *1 (6th Cir. Jan. 4, 2022) (ruling that defendant "has access to the vaccine and has received at least one dose, so he cannot demonstrate that his COVID-19 risk is an 'extraordinary and compelling' reason that warrants compassionate release"); *United States v. Wymer*, No. 3:13-CR-00134-JGC-1, 2021 WL 5707188, at *2 (N.D. Ohio Dec. 1, 2021) (reasoning that defendant was unable to establish extraordinary and compelling reasons for release because "once an inmate has access to the COVID vaccine, he or she cannot show that a fear of contracting the virus is extraordinary or compelling"); *United States v. McIlveen*, No. 4:15-CR-00403, 2021 WL 2463847, at *3 (N.D. Ohio June 17, 2021) (finding that defendant could not demonstrate "extraordinary and compelling reasons" required for compassionate release because defendant had access to the COVID-19 vaccine).

### C. 18 U.S.C. § 3553(a) Factors

Because Defendant has not provided "extraordinary and compelling" reasons justifying compassionate release, the Court need not reach the specific application of the 18 U.S.C. § 3553(a) factors but does so to complete the record.

When imposing a sentence, the Court's task is to "impose a sentence sufficient, but not greater than necessary, to comply with purposes of the statutory sentencing scheme." *United States v. Presley*, 547 F.3d 625, 630–31 (6th Cir. 2008). With this guidance in mind, the Court finds that the progress Defendant has made towards rehabilitation does not outweigh the other § 3553(a) factors that counsel against reducing his sentence. *See Concepcion v. United States*, 142 S. Ct. 2389, 2404–05 (2022) ("the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation . . . . counsel in favor of a sentence reduction"). In accord with 18 U.S.C. § 3553(a), the Court must analyze "the nature and circumstances of the offense and the history and

(1:19CR124-1)

characteristics of the defendant," as well as what the Sixth Circuit has summarized as "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law." *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

The relevant factors in the case at bar are sections 3553(a)(1), 3553(a)(2)(A), a(2)(B), and a(2)(C). Under § 3553(a)(1), the Court must consider the nature and circumstances of the offense and history and characteristics of the defendant. Defendant was convicted of partaking in a cocaine conspiracy. He was the partial owner of an Ohio restaurant that was used to store cocaine intended for distribution and cash from the drug proceeds. His sentence is no longer than required to respond to the danger Defendant posed by his criminality and the need to promote respect for the law and to protect society as required by § 3553(a)(2)(A)–(C). Defendant claims he is no longer a danger to the community, yet his lengthy criminal history and the crimes he was convicted of in the current matter fail to persuade this Court that he would not present a significant danger to the community if he were released early. Although Defendant may have familial support in the community where he plans to return post-incarceration and has taken steps towards rehabilitation while incarcerated, a further reduction to Defendant's sentence would defeat the overall sentencing purposes and in particular the general deterrence factor contemplated by § 3553(a). Accordingly, the § 3553(a) factors discourage any further adjustment to Defendant's thoughtfully imposed sentence.[5]

---

[5] The Court also incorporates the analysis of the § 3553(a) factors that the Court indicated at sentencing.

7

(1:19CR124-1)

Early release is also not warranted because Defendant still has over one year remaining on his sentence and there is no indication that FCI Tallahassee is in the midst of a COVID-19 outbreak.  *United States v. Harris*, No. 4:18 CR 115, 2020 WL 4462256, at *3 (N.D. Ohio Aug. 4, 2020) (acknowledging that the 18 U.S.C. § 3553(a) factors generally "favor release when a high-risk defendant being held in a prison experiencing a severe COVID-19 outbreak has less than a year of their sentence remaining").  Consequently, any departure from the sentence the Court previously imposed would render said sentence insufficient.

### III. Conclusion

Finding that Defendant failed to establish the requisite factors for compassionate release, the Court denies Defendant's Motion (ECF No. 240) and his CJA appointed counsel's Supplement of his motion (ECF No. 245) without prejudice.


IT IS SO ORDERED.


April 7, 2023                                              */s/ Benita Y. Pearson*
Date                                                       Benita Y. Pearson
                                                           United States District Judge

8